**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| David Lopez, | : | Case No. 3:08-CV 2148 |
| Plaintiff, | : | |
| v. | : | |
| Commissioner of Social Security Administration, | : | **MEMORANDUM DECISION AND ORDER** |
| | : | |
| Defendant. | | |

The parties have consented to have the undersigned Magistrate enter judgment in this case pursuant to 28 U.S.C. § 636 (c) (1). Plaintiff filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket No. 20) and Defendant filed a Response (Docket No. 21). For the reasons set forth below, Plaintiff's Motion for Attorney Fees and Expenses is granted.

### I. PROCEDURAL BACKGROUND

On January 23, 2004, Plaintiff filed an application for DIB alleging that his disabling condition began on May 15, 2002 (Tr. 66-68). Plaintiff also filed a Title XVI application for SSI on January 23, 2004 (Tr. 15). The application for DIB was denied initially and on reconsideration (Tr. 54-57, 49-51). Plaintiff requested a hearing on August 17, 2004 (Tr. 47). At the administrative hearing held in Toledo, Ohio on June 6, 2006, Plaintiff, represented by Attorney Loretta Wiley and Joseph Thompson, a

Vocational Expert (VE), appeared and testified before Administrative Law Judge (ALJ) Barney Bernstein (Tr. 324). On April 13, 2007, the ALJ determined that Plaintiff was not entitled to a period of disability (Tr. 15-25).  The Appeals Council denied Plaintiff's request for review on July 2, 2008 rendering the ALJ's decision the final decision of the Commissioner of Social Security (Tr. 3-5). Plaintiff filed a timely Complaint in this Court (Docket No. 1).  The Magistrate remanded this case to the Commissioner pursuant to sentence four of 42 U. S. C. § 405(g)[1].  Plaintiff filed a timely Motion for Attorney Fees.

## II.  STANDARD FOR AWARDING ATTORNEY FEES.

A court shall award *to a prevailing party* other than the United States, fees and other expenses that the party incurred in a civil action, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 447 (6th Cir. 2009) (*citing* 28 U.S.C. § 2412(d)(1)(A) (emphasis added)).  Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not "substantially justified," and (3) no special circumstances made an award unjust.  *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006) (*citing I.N.S. v. Jean,* 110 S. Ct. 2316, 2318-2319 (1990)).

### 1.    PREVAILING PARTY STATUS

To gain prevailing party status, the Supreme Court has determined that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship

---

[1] The ALJ failed to accurately consider Plaintiff's age, education and past work in determining whether there were other jobs that exist in significant numbers to accommodate him.  For this reason, the case was remanded to the Commissioner pursuant to sentence four of 42 U. S. C. § 405(g).

of the parties' necessary to permit an award of attorney's fees." *Id.* (*citing Buckhannon Board & Care Home, Incorporated v. West Virginia Department of Health & Human Resources,* 121 S. Ct. 1835, 1840 (2001) (*quoting Texas State Teachers Association v. Garland Independent School District,* 109 S. Ct. 1486, 1488 (1989); *see Farrar v. Hobby,* 113 S. Ct. 566, 574 (1992) ("[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained."). Conversely, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" sufficient for a plaintiff to be considered a prevailing party. *Id.* (*citing Buckhannon, supra*, 121 S. Ct. at 1840.

A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Commissioner of Social Security,* 534 F. Supp. 2d 756, 758 (N. D. Ohio 2008) (*citing Shalala v. Schaefer,* 113 S. Ct. 2625 (1993)).

### 2. SUBSTANTIAL JUSTIFICATION.

The "substantial justification standard" is essentially one of reasonableness. *Walker v. Astrue,* 2010 WL 596451, *1 (N. D. Ohio 2010) (*citing Sullivan v. Hudson*, 109 S. Ct. 2248, 2254 (1989); *Pierce v. Underwood,* 108 S. Ct. 2541, 2548-2550 (1989)). The pertinent inquiry is whether the Commissioner's litigating position had a reasonable basis in law and fact. *Id.* (*citing Pierce*, 108 S. Ct. at 2550). The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, does not "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA. *Id.* (*citng Pierce,* 108 S. Ct. at 2550; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989)).

### 3. SPECIAL CIRCUMSTANCES

The EAJA has a built-in check:  Section 2412(d)(1)(A) disallows fees where 'special circumstances make an award unjust.' " *Townsend v. Commissioner of Social Security,* 415 F.3d 578,

583 (6th Cir. 2005) (*citing Scarborough v. Principi,* 124 S. Ct. 1856, 1870 (2004) (*quotin*g H. R. REP. NO. 96-1418, at 11 (1980) and noting that " § 2412(d)(1)(A)'s 'safety valve' gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made' "). *Id.* Special circumstances implicate substantive issues such as close or novel questions of law. *Tri-State Steel Construction Company v. Herman,* 164 F. 3d 973, 979 (6th Cir. 1999).

### III. GOVERNMENT'S POSITION

Defendant has no objection to Plaintiff's Application for Attorney Fees (Docket No. 21).

### IV. APPLICATION

The Magistrate finds that first, Plaintiff obtained a remand, thus, he is a prevailing party as defined under the EAJA. Second, the Commissioner's litigating position had no reasonable basis in law and fact. The law is clear: the VE's testimony must be directed to consideration of the claimant's age, experience, and education, along with the ALJ's assessment of what she/he can and cannot do particularly if the claimant's impairments are so severe as to preclude the performance of past relevant work. *See Webb v. Commissioner of Social Security,* 368 F.3d 629, 633 (6th Cir. 2004) (*citing* 20 C.F.R. § 416.920(a)(4)(v)). The Commissioner failed to follow these rules. Third, neither Defendant nor the Court has identified special circumstances that would make an award unjust. Plaintiff is entitled to an award of attorney fees.

    1.    **COMPENSABLE HOURS.**

Plaintiff has successfully met the threshold requirements and determined his entitlement to an award of attorney fees. The Magistrate next addresses the applicable standard applied in determining the amount of attorney fees to be awarded.

The party seeking an award of attorney's fees has the burden of proving that the number of hours

for which compensation is sought was reasonably expended. *Haiges v. Commissioner of Social Security,* 2008 WL 5412898, *4 (S. D. Ohio 2008) (*Copeland v. Marshall*, 641 F. 2d 880, 937 (6th Cir. 1980); *see also Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)).  Counsel for the prevailing party should make a good faith effort to exclude from the fee request, hours that are excessive, redundant or otherwise unnecessary.  *Id.*  Hours may be cut for duplication, padding or frivolous claims.  *Holden v. Bowen*, 668 F. Supp. 1042 (N. D. Ohio 1986).  Beyond the allowances for duplicative services, the district court must identify those hours and articulate the reasons for their elimination from hours of service adequately documented.  *Id.*  An award of fees for preparation of the fee application is compensable under EAJA. *Seymore v. Secretary of Health and Human Services,* 738 F. Supp. 235 (N.D. Ohio 1990).

The Magistrate has reviewed the schedules of services performed by Plaintiff's counsel and supported by his executive assistant.  The undersigned is satisfied that counsel made a good faith effort to remove any excessive, redundant or otherwise unnecessary hours.  There is no evidence of duplication, padding or frivolous entries.  Counsel adequately documented the hours of services rendered.

### 2. HOURLY RATES.

Under 28 U. S. C. § 2412(d) (1)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.  The Court has discretion to make adjustments to the hourly rate based upon increases in the Consumer Price Index (CPI).  *Seidlitz v. Commissioner of Social Security*, 2008 WL 2796585 *1 (N. D. Ohio 2008).

The Magistrate has routinely calculated the cost of living adjustment by accounting for increases

in the cost of living between the time the $125 fee was enacted and the time that the fee was earned. This is accomplished by comparing the CPI from March 1996, 155.7, to the average annual CPI during the year that counsel rendered his or her services. The average annual CPI for 2008 was 215.303. ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt. Adjusted for the increased cost of living, the statutory rate of $125 is increased to 215.303 which is divided by the March 1996 CPI of 155.7. The result is 1.383. Multiplying 1.383 by $125, the result is $172.85. The Magistrate finds that counsel is entitled to an hourly rate of $172.85.

### 3. TOTAL AWARD FOR ATTORNEY FEES.

The Magistrate finds that the total hours expended by three Counsel, 12.3 hours[2], is reasonable. The number of hours, 12.3, multiplied by the hourly rate, $172.85, results in an attorney fee award of $2126.43.

### 4. LEGAL ASSISTANT FEES.

A plaintiff may be awarded legal assistant fees if such fees are reasonable. *Kling v. Secretary of Department of Health & Human Services of the United States,* 790 F. Supp. 145, 152 (N. D. Ohio 1992). In this case, the legal assistant spent three hours working on Plaintiff's case (Docket No. 2, Exhibit 4). The Magistrate finds the amount of compensable time reasonable. Further, the legal assistant's hourly rate is $45. Considering that in 1992, the legal assistant rates awarded in *Kling* were $40, the Magistrate does not find a request for an hourly rate of $45 unreasonable. *Id.* at 152.

### 5. COSTS.

Plaintiff requests an award for the filing fee, electronic filing fees and postage. Pursuant to 28

---

[2] Attorney Kirk Roose expended 4.10 hours. Attorney Mary T. Meadows expended 6.7 hours. Attorney Loretta J. Willey expended 1.5 hours.

U. S. C.§ 2412 (d) (2)(A), this Court may award reasonable expenses deemed necessary for the preparation of the party's case. The Magistrate finds that the costs of preparing Plaintiff's case reasonably included the filing fee, electronic filing fee and postage. In this case, $397.14 is not an unreasonable amount of fees.

## **CONCLUSION**

For these reasons, Plaintiff is awarded judgment for attorney fees and costs totaling of $2,658.57.

IT IS SO ORDERED.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date: May 14, 2010